Robertson *vs.* Evans.

HEARD NOV. TERM, 1871.

## ROBERTSON *vs.* EVANS.

Action by payee against maker on a sealed note. Defendant offered evidence to show that he signed the note under an agreement with plaintiff that he was not to be · bound by his signature unless the note should be signed by certain other persons, not then present. The Circuit Judge ruled out the evidence: *Held*, Error.

Upon a question of delivery it is admissible to show by oral evidence that the defendant delivered the deed to plaintiff upon the condition that he would get others to execute it, which he had not done.

BEFORE RUTLAND, J., AT CHESTERFIELD,        TERM, 1871.

Separate actions by John E. Robertson, plaintiff, against Albert Evans and Leonidas Lowry, defendants.

The case is stated in the following report of the presiding Judge:

"These were several actions, on a joint and several sealed note, executed by the defendants and one Jackson Miller to the plaintiff, for six hundred and seventy-three dollars and sixty cents. ·

"It seems that Robertson, the three makers of the note, and four other persons, were trustees of an academy. The defendants offered evidence to show that they signed the note upon an understanding and agreement with the plaintiff that they were not to be bound by their signatures unless the note should also be signed by the remaining four trustees, who were not then present. The plaintiff objected, and I ruled the evidence to be inadmissible, to which ruling the defendants excepted. A verdict was rendered by the jury for the plaintiff for eleven hundred and thirty-four dollars and fifty-nine cents, the principal and interest of the note.

"The defendants moved for a new trial on the ground that there was error in excluding the evidence ruled as above to be inadmissible. I refused the motion, and they appeal from my decision, on the ground:

"Because, it is respectfully submitted, his Honor the Circuit Judge erred in excluding as inadmissible the evidence offered by the defendants to show that by their agreement with the plaintiff they were not to be bound by the note signed by them upon which these actions are based, unless the same should be also signed by four other persons who were not then present."

*Moore, Hough*, for appellants:

The evidence should have been admitted.—*Spencer* vs. *Bedford*, 4 Strob., 96.

A delivery of a deed may be made by words.—*Id.*

It may be shown by parol that the deed was never delivered, or was delivered merely as an escrow, or to take effect only on a contingency which has never happened.—2 Stark. on Ev., 272; 3 Phil. Ev., C. & H., 1450, note.

It may be different where the agreement is between the principal maker and a surety to which the payee is no party.—*Martin & Walker* vs. *Stribling*, 1 Sp., 23, which, however, fully recognizes the doctrine laid down in *Spencer* vs. *Bedford.*

*McIver*, contra :

1. If the proposed evidence was offered for the purpose of qualifying, varying, or contradicting the instrument sued on, it is incompetent.—*Boyce* vs. *Foster*, 1 Bail., 540; *Harris* vs. *Caston*, 2 Bail., 342; *Falconer* vs. *Garrison*, 1 McC., 209; *Price* vs. *Perry*, 2 M. Con. Rep., 31; *King & Co.* vs. *Colding*, 1 McM., 134; *McClenaghan* vs. *Hines*, 2 Strob., 123; *Rambo* vs. *Metz*, 5 Strob., 108; *Smyley* vs. *Head*, 2 Rich., 592; *Blodgett* vs. *Merrill*, 20 Ver. Rep., 509, cited from Redfield's American Railway Cases, 155; *Piscataqua Ferry Co.* vs. *Jones*, 39 N. H. Rep., 491, cited from Redfield's American Railway Cases, 187.

2. The only point of view in which the evidence might have been admissible was to prove that the single bill was delivered as an escrow. This view, however, cannot be sustained, because the delivery was to the obligee—the possession of a bond being with the obligee is sufficient evidence of the delivery.—2 Stark. on Ev., Part 4, p. 477, note 1.

3. To make an escrow the delivery must be to a stranger, and not to the obligee.—1 Shep. Touch., 58; Co. Litt., 36 A., 1 Co. Inst., 276; 1 Bouvier's Law Dic., 475–6; *Jackson* vs. *Catlin*, 2 Johns., 248; *Hagood* vs. *Harley*, 8 Rich., 325; 2 Stark. on Ev., Part 4, p. 477.

April 16, 1872.  The opinion of the Court was delivered by

WRIGHT, A. J.  It appears that John E. Robertson, plaintiff, and seven other persons, were trustees of an academy, and that three of them (two of whom are appellants) executed a sealed note to the plaintiff.  Action was brought upon the said note.  At the trial the defendants offered evidence to show that at the time the note was given the understanding and agreement was with the plaintiff, that they were not to be bound by their signatures unless the note was

signed by the other four trustees, and that the note was placed in the hands of the plaintiff to obtain the signatures to it of the other four trustees, which signatures plaintiff did not obtain. The Court ruled such evidence inadmissible. The only question for this Court to consider is, did the Court below err in excluding as inadmissible the evidence offered by the defendant? It appears that the question of delivery is raised, and where that question arises, evidence on that point should be admitted, especially as between the parties to the instrument.

In 4 Philips' Ev., 538, it is said: "As where a question arises whether an instrument was in fact delivered; if handed over to some person, whether it was delivered absolutely or only on a condition. In these, and similar instances, the execution being mostly a matter *in pais*, oral declarations of intention connected with the delivery may come in as part of the *res gestœ*, or, as against the party claiming in virtue of it, his subsequent declarations are competent." There are a great variety of ways by which persons may improperly come in possession of notes and other instruments of writing; and were the rule such that parol evidence could not be admitted to show how or by what way possession was obtained, gross injustice would evidently, in many instances, be practised. Evidence was offered to show that the holder of the note had it placed in his hands by the makers to do a certain thing with it, which was necessary to its validity or its absolute delivery, and that the said holder failed to carry out that agreement. If the validity of the note, by agreement between the parties to it, depended upon a certain condition, testimony to show what that condition was ought to be admitted as between such parties. The note was no more nor less than a portion of the contract between the parties. The other portion was not written, and the unwritten portion they wished to show by parol evidence. In the case of *Barker* vs. *Prentiss*, 6 Mass. R., 434, Parson, C. J., said: "But parol evidence may be given to contradict a written simple contract, or to show that the whole of it was not reduced to writing, but that it was made with certain conditions or limitations expressly agreed upon, but not contained in the written contract, where the action is between the original parties. Thus it is, every day's practice, notwithstanding a promissory note is expressed to be for value received, to permit the promisor in an action by the promisee to prove that there was no consideration."

The case of *Johnson et. al.* vs. *Baker*, 4 B. and Ald., 440, where the instrument was a deed, recognized the principle that all that

formed part of the agreement in regard to its execution was a part of the transaction, and could be offered in evidence. The same doctrine is to be inferred from *Martin & Walker* vs. *Stribling*, 1 Spears, 23, and affirmed in *Spencer* vs. *Bedford*, 4 Strob., 96.

The motion is granted, and a new trial ordered.

*Moses*, C. J., and *Willard*, A. J., concurred.